**YA YUN YANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 07–4016–ag.**

United States Court of Appeals, Second Circuit.

May 5, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Tina Howe, Law Offices of Wong & Partners, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Ya Yun Yang, a native and citizen of the People's Republic of China, seeks review of an August 31, 2007 order of the BIA denying her motion to reopen her removal proceedings. *In re Ya Yun Yang,* No. A77 297 457 (B.I.A. Aug. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)); *see also INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted). Here, we conclude that the BIA did not abuse its discretion in denying Yang's motion to reopen, her fourth such motion. *Cf. Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir.2006). The Immigration and Nationality Act ("INA") provides that an individual may file only one motion to reopen, and that such motion must be filed within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Here, it is undisputed that Yang's motion to reopen was numerically barred and untimely, as it was her fourth motion to reopen, and it was filed with the BIA in December 2006, approximately four years after the BIA's final order affirming the IJ's denial of relief in December 2002. To

the extent Yang argues that the BIA ignored the impact of the birth of her children, the record belies her argument. The BIA has considered Yang's argument four times—each time she filed a motion to reopen. Moreover, it is well-settled that the birth of children in the United States constitutes a change in personal circumstances, and not changed circumstances arising in one's country of nationality. *See Jian Huan Guan v. B.I.A.*, 345 F.3d 47, 49 (2d Cir.2003).

Yang also argues that she "is not subject to the time and numerical limitations [for motions to reopen] because the applicable U.S. law has changed." Specifically, she argues that recent decisions by this Court, including *Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48 (2d Cir.2006), indicate a change in this Circuit's law, apparently reading those decisions to hold that Chinese nationals returning to China with foreign-born children would be subject to persecution *per se*. Yang misreads our decisions. *Tian Ming Lin* stands for the uncontroversial proposition that remand may be warranted where there is material evidence in the record that the BIA failed to consider. 474 F.3d at 54–55; *see also Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006). Here, Yang does not cite any evidence in the record that the BIA ignored, much less evidence that provides material support for her motion to reopen. Indeed, the BIA reasonably found that while Yang submitted an affidavit and articles in support of her claim that the Chinese government has increased its enforcement of the family planning policy, those documents were "not persuasive evidence of 'changed circumstances' in China." In particular, the BIA properly noted that only two of the articles Yang submitted were issued after her merits hearing, and that neither of them referred to Yang. While both articles indicate that some persons who have violated

the birth control policy have suffered at the hands of family planning authorities, Yang failed to demonstrate that circumstances in China had worsened, as required by 8 C.F.R. § 1003.2(c)(3)(ii); *see also Matter of S–Y–G–*, 24 I. & N. Dec. 247, 251 (BIA 2007). Yang's failure to demonstrate how the evidence in the record establishes a change in China's country conditions since her merits hearing is fatal to her petition for review. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (finding that the BIA may deny a motion to reopen where the movant has not introduced previously unavailable, material evidence). Accordingly, we find it unnecessary to review the BIA's finding that Yang failed to establish *prima facie* eligibility for asylum.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).